IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AIMEE L. O'NEIL,

    Plaintiff,

v.                                                                                                                              Civil Action: 3:07-cv-69

CORNERSTONE HOMES,

    Defendant,

and

AIMEE L. O'NEIL,

    Plaintiff,

v.                                                                                                                            Civil Action: 3:07-cv-71

THE STATE OF NEW YORK, et al.,

    Defendants,

and

AIMEE L. O'NEIL,

    Plaintiff

v.                                                                                                                            Civil Action: 3:07-cv-72

OSWEGO COUNTY DEPARTMENT OF
SOCIAL SERVICES, et al.,

    Defendants,

and

AIMEE L. O'NEIL,

    Plaintiff,

v.                                                                                                                            Civil Action: 3:07-cv-84

THE STATE OF NEW YORK,

        Defendant,

and

AIMEE L. O"NEIL,

        Plaintiff,

v.                                                                                                           Civil Action: 3:07-cv-85

THE STATE OF NEW YORK,

        Defendant,

and

AIMEE L. O'NEIL,

        Plaintiff,

v.                                                                                                            Civil Action: 3:07-cv-86

OSWEGO COUNTY,

        Defendant,

and

AIMEE L. O'NEIL,

        Plaintiff,

v.                                                                                                            Civil Action: 3:07-cv-87

CITY OF FULTON, et al.,

        Defendants.

# MEMORANDUM, OPINION, AND ORDER DISMISSING ALL ACTIONS WITH PREJUDICE AND INSTRUCTING CLERK NOT TO FILE ANY FURTHER PLEADINGS OR ACTIONS RECEIVED FROM AIMEE L. O'NEIL WITHOUT THE EXPRESS WRITTEN ORDER OF THE MAGISTRATE JUDGE

## I. Introduction

Plaintiff, Aimee L. O'Neill, pro se, filed each of the above actions between June 5, 2007, and July 7, 2007.

Ms. O'Neil filed twelve civil actions in the United States District Court for the Western District of New York between January 4 and January 18, 2007. All actions were dismissed on February 20, 2007. On January 23, 2007, Ms. O'Neil, individually and sometimes joined by one John Mazzoli, filed twenty three additional actions in the United States District Court for the Western District of New York. In a restrained and thoughtful decision and order dated February 28, 2007, and entered on March 1, 2007, the Honorable Charles J. Siragusa, U.S. District Judge, dismissed all twenty three actions and gave Ms. O'Neil and Mr. Mazzoli until March 30, 2007, to file responses as to why sanctions should not be imposed.[1] Plaintiffs did not respond.

## II. Discussion

In each of the actions at issue here, Plaintiff has filed an application to proceed in forma pauperis. The application has already been granted in case 3:07-cv-72. It appears Plaintiff has limited resources. Therefore, each of her applications is hereby GRANTED.

A.  <u>Legal Standards in Pro Se Litigation</u>

The Supreme Court has stated that pro se complaints are to be read in a liberal manner. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972). Nevertheless, the Court has powers to guard

---

[1] A copy of the decision and order is attached hereto.

against frivolous litigation. Chief Judge Spencer of the Eastern District of Virginia succinctly summarized the responsibilities of the Court in actions of this nature:

> The Court has broad power to sua sponte dismiss an action, or part of an action which is frivolous, vexatious, or brought in bad faith. Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (holding district courts have the authority to dismiss frivolous complaints sua sponte, notwithstanding the payment of a filing fee); Baker v. Director, United States Parole Comm'n, 916 F.2d 725, 726 (D.C. Cir. 1990) (per curiam) ("[A] trial court may dismiss a claim sua sponte without notice 'where the claimant cannot possibly win relief.'" (quoting Omar v. Sea-Land Serv., 813 F.2d 986, 991 (9th Cir. 1987)); Crowley Cutlery Co. v. United States, 849 F.2d 273, 277 (7th Cir. 1988) (stating a federal district court has authority to dismiss a frivolous suit on its own initiative). This Court has the discretion to dismiss this case before Defendants file a response, notwithstanding the payment of Plaintiff's filing fee if it determines the action is factually or legally frivolous.

O'Connor v. Northshore Int'l Ins. Servs., Inc., 2006 WL 4571652 (E.D. Va. May 19, 2006).

The law provides that the Court shall dismiss an action pursued in forma pauperis when it finds one of several factors to be present. The Court shall dismiss a case where it determines that the case "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). This statute gives "broad discretion on the district courts to police in forma pauperis filings." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004).

A case is frivolous where the complaint "lacks an arguable basis either in law or fact." Nietzke v. Williams, 490 U.S. 319, 325 (1989). This is a loose definition that gives district courts broad discretion in application. Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). Indeed, the term frivolous "is simply not susceptible to categorical definition." Id. The Supreme Court has stated that "district courts, who are 'all too familiar' with factually frivolous claims, are in the best position to determine which cases fall into this category." Denton v. Hernandez, 504

U.S. 25, 33 (1992) (citation omitted).

A complaint fails to state a claim upon which relief may be granted where "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Advanced Health-Care Servs. v. Radford Community Hosp., 910 F.3d 139, 143-44 (4th Cir. 1990) (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)). In making this evaluation, the Court must "take the facts in the light most favorable to the plaintiff," though it "need not accept the legal conclusions drawn from the facts" or "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Jordan v. Alternative Res. Corp., 458 F.3d 332, 338 (4th Cir. 2006) (quoting Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000)).

Furthermore, this Court has the power to issue an injunction pursuant to the All Writs Act to protect against further frivolous litigation. 28 U.S.C. § 1651(a). The Fourth Circuit thoroughly discussed the law surrounding whether a district court should grant a pre-filing injunction in Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 817-20 (4th Cir. 2004). Injunctions should be issued only in extreme cases. Id. at 818. The Court must consider four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. If the Court decides an injunction is appropriate, it "must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." Id. Moreover, the person the injunction will issue against must receive "notice and an opportunity to be heard" regarding why

an injunction is inappropriate. Id. at 819.

B.     The Actions Before the Court

The Court now turns to the actions Defendant has filed before this Court. All of these actions are clearly defective and should be dismissed. The Court will not exhaustively evaluate each case. Rather, it provides only such information as is necessary to show the basis for dismissal.

1.     O'Neil v. Cornerstone Homes, 3:07-cv-69. The complaint alleges Defendant sold Plaintiff real property in New York and misrepresented several matters related to the property. Defendant filed a motion to dismiss on the ground that the Court has no personal jurisdiction over it. The Constitution requires that a defendant must deliberately establish minimum contacts with a state to be haled into court there. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Personal jurisdiction arises where a defendant takes an action to benefit from the laws of the forum state. Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 109 (1987). There are two affidavits stating Defendant has no contacts with West Virginia. The affidavit of David Fleet, President of Defendant, states that Defendant owns no property in West Virginia and does not have an office there. Defendant is not licensed to do business in West Virginia, has no agent for service of process in West Virginia, has sold no products in West Virginia, has no telephone listing in West Virginia, receives no income from activities in West Virginia, and does not advertise in West Virginia. Accordingly, it appears the Court lacks personal jurisdiction over Defendant. The action is therefore dismissed.

2.     O'Neil v. The State of New York, et al., 3:07-cv-71. In this case, Plaintiff alleges her children were unlawfully taken from her residence in Florida to New York in late 2000. She

states that one of the children, Morgan Baker, was declared to not be a blood relation to Plaintiff's former husband. Plaintiff states the case has been reported to the FBI, the CIA, and the State of New York.

There is an exception to the jurisdiction of federal courts in diversity cases regarding domestic relations. In re Burrus, 136 U.S. 586, 593-94 (1890). In Gargallo v. Gargallo, 472 F.2d 1219, 1220 (6th Cir. 1973), the plaintiff complained his children were illegally removed from Ohio. He sought compensatory and punitive damages. Id. The court determined the case fell within the domestic relations exception to federal court jurisdiction. Id. A similar situation arose in Casaburro v. Daher, 569 F. Supp. 835 (S.D.N.Y. 1983). In that case, the plaintiff sued his ex-wife for damages resulting from her alleged interference with the plaintiff's right to visit his children. Id. The court dismissed the case, finding that "Questions concerning child custody, requiring as they do a determination not only of the parents' respective rights, but also of the child's best interests, are peculiarly ill-suited for federal jurisdiction, when a state court with expertise in such matters is available to hear the action." Id. at 836.

Although Plaintiff's complaint is lacking in detail, it is apparent the matter she complains about is fundamentally a domestic relations dispute. Her complaint concerns custody of her children. The federal courts are not well equipped to hear this case. The case is dismissed for lack of federal jurisdiction.

3. O"Neil v. Oswego County Department of Social Services, et al., 3:07-cv-72. Plaintiff states that Betsy Tubilino and Tammy Rodgers work for Oswego County Department of Social Services.[2] They apparently cooperated with Catholic Charities in placing Plaintiff's daughter

---

[2] In fact, it appears Tubalino (properly spelled here) is an employee of Catholic Charities.

with Howard and Gloria Baker. Plaintiff alleges the Bakers run an unlawful gambling business from their home. Plaintiff alleges the Bakers' illegal lifestyle resulted in her child being neglected.

It is again clear that due to the nature of the complaint, the federal courts lack jurisdiction. In Denman v. Leedy, 479 F.2d 1097, 1098 (6th Cir. 1973), the plaintiff sued his estranged wife, members of her family, and public officials. The court determined that since "the substance of this claim is an intrafamily custody battle," the court lacked jurisdiction. Id. In this case, Plaintiff essentially complains about the Bakers having custody of her children. The federal courts do not have jurisdiction over this type of case. Thus, the case is dismissed.

4.  O'Neil v. The State of New York, 3:07-cv-84. Plaintiff alleges that one Doug Kinney has conducted sensory deprivation research on her. Plaintiff has requested records from the New York Department of Corrections, but they refuse to release them. Plaintiff claims this research has violated her civil rights and seeks damages.

A private party may not sue a state for monetary damages for a deprivation of civil rights. The Supreme Court has held that while a litigant may use 42 U.S.C. § 1983 to address civil rights violations, "it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). Although Congress has the power to abrogate the traditional Eleventh Amendment immunity of the states under section 5 of the Fourteenth Amendment, it did not do that with § 1983. Id.

Plaintiff's claim is clearly barred by the Eleventh Amendment. Plaintiff may not sue the state of New York for alleged deprivations of her civil rights. Her claim is therefore dismissed

with prejudice.

5.      O'Neil v. The State of New York, 3:07-cv-85. Plaintiff alleges that the New York State Department of Health has refused to turn over her medical records after repeated requests. She seeks damages from this failure. Plaintiff states she made her requests under FOIL, which is New York's version of the Freedom of Information Act. Salahuddin v. Perez, 2006 U.S. Dist. LEXIS 4406, at *2 (S.D.N.Y. Feb. 2, 2006).

Plaintiff's claim against the State of New York is barred by the Eleventh Amendment. The Supreme Court has stated that "The Eleventh Amendment confirms the sovereign status of the States by shielding them from suits by individuals without their consent." Frew v. Hawkins, 540 U.S. 431, 437 (2004). Cities and counties do not receive immunity. Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30, 47 (1994). In certain limited situations, Congress may abrogate state sovereign immunity under the authority of the Fourteenth Amendment and give private remedies against the states. United States v. Georgia, 546 U.S. 151, 158 (2006). Of course, in this case Plaintiff is pursuing a cause of action under New York state law. New York has not consented to suit. In fact, "FOIL claims are limited to seeking injunctive, rather than monetary relief, through a specified procedure in the state courts." Sank v. City Univ. of New York, 2002 U.S. Dist. LEXIS 5928, at *27 (S.D.N.Y. Apr. 5, 2002).

Plaintiff's claim under New York law does not present a valid cause of action for monetary damages. Therefore, the claim is dismissed with prejudice.

6.      O'Neil v. Oswego County, 3:07-cv-86. Plaintiff claims Oswego County has refused to turn over adoption records regarding Plaintiff, in spite of having been directed to do so by the state Attorney General's office. Plaintiff asserts several Oswego County employees have leaked

9

the information into the community. Plaintiff seeks damages from the county's conduct.

As mentioned above, state claims under New York's Freedom of Information Law cannot result in monetary damages. Sanks, 2002 U.S. Dist. LEXIS 5928 at *27. Rather, "the Legislature has given a civil remedy by way of an article 78 proceeding with counsel fees and court costs available." Warburton v. State, 173 Misc. 2d 879, 882 (N.Y. Ct. Cl. 1997). No other remedies are available. Id. Therefore, the action is dismissed with prejudice.

7.  O'Neil v. City of Fulton, et al., 3:07-cv-87. Plaintiff alleges a search warrant was executed on her premises without a knock and that she sustained injuries from the search. Plaintiff seeks monetary damages.

The Court believes Plaintiff is trying to is trying to state a cause of action under § 1983 for violation of her civil rights. Municipal entities are absolutely immune from punitive damages, City of Newport v. Fact Concerts, 453 U.S. 247 (1981), and are not liable under the theory of respondeat superior. Monell v. Department of Social Services, 436 U.S. 658 (1978). For § 1983 purposes, a county is considered a municipal entity. Revene v. Charles County Commissioners, 882 F.2d 870, 874 (4th Cir. 1989). However, a municipal entity may be liable for monetary, declaratory, and injunctive relief under § 1983 if the execution of a municipal policy or custom was the "the moving force for the violation of constitutional rights." Monell, 436 U.S. at 694. A policy can be made in a "policy statement, ordinance, regulations, or decision officially adopted and promulgated by the body's officers," Id. at 690, by an act of a municipal official with final policymaking authority, City of St. Louis v. Praprotnik, 485 U.S. 112 (1988), or by widespread custom or practice. Monell, 436 U.S. at 691. "[P]laintiffs seeking to impose liability on a municipality under §1983 must, therefore, adequately plead and prove the

existence of an official policy or custom that is fairly attributable to the municipality and that the policy proximately caused the deprivation of their rights." Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999) (quoting Jordan by Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994)).

In this case, Plaintiff has not made any allegations that the City of Fulton or Oswego County had a policy of unconstitutional behavior. She alleges authorities entered her house without knocking, but notes they acted pursuant to a search warrant. Her injuries include nothing but bare allegations of "numerous physical injuries, embarrassment, Legal expenses, and intentional infliction of emotional distress." Liability cannot be imposed on such scant allegations. Therefore, the case is dismissed.

C. Pre-Filing Injunction

The Court now considers whether to impose a pre-filing injunction against any future filings Plaintiff may make before the Court. The Court is guided by the standards of Cromer, 390 F.3d at 817-20, discussed more fully above. First, Plaintiff has a history of frivolous litigation. All her claims before the Western District of New York were dismissed with prejudice and an injunction was issued to prevent against future frivolous litigation. Second, although the Court has no doubt Plaintiff believes she has valid claims, her claims in fact are so lacking that they are summarily dismissed. Third, the burden on the Court and other parties is great. The Court must spend its scare resources evaluating claims ending in summary dismissal. Some parties to these actions have hired lawyers and filed pleadings. This could have been avoided had Plaintiff not filed these cases. Fourth, there appear to be no alternative sanctions could better alleviate the problem of additional filings than a pre-filing injunction. Finally, while the Fourth

11

Circuit has held a party must be given notice and an opportunity to be heard before entry of a pre-filing injunction, the Court finds Plaintiff has already received this opportunity in the Western District of New York.

Accordingly, the Court hereby enters a pre-filing injunction against Plaintiff. The Clerk of the Court is ORDERED to refuse any new complaints for filing in a matter from Plaintiff before obtaining leave by a judge of this Court.

Leave of Court shall be forthcoming upon Plaintiff's demonstration through a properly filed motion that the proposed filing (1) can survive a challenge under Federal Rule of Civil Procedure 12, (2) is not barred by the principles of issue or claim preclusion, (3) is not repetitive or in violation of a court order, and (4) is in compliance with Federal Rule of Civil Procedure 11. The injunction imposed by this opinion shall not apply to filings in currently pending actions, the filing of timely notices of appeal to the Court of Appeals, and papers filed solely in furtherance of such appeals.

Plaintiff is advised that she may appeal the decision of this Court. Under Federal Rule of Appellate Procedure 3 and 4, any written notice of appeal must be filed with the Clerk of this Court within sixty (60) days of the date of entry of this opinion. Failure to file a timely notice of appeal waives the right to an appeal.

IT IS SO ORDERED.

The Clerk is directed to provide a copy of this order to the pro se Plaintiff.

DATED: July 13, 2007

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE